**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA LIZETT CASTELLANO, | Case No. 2:22-cv-01914-SPG (JC) |
| Petitioner, | **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| KATHLEEN ALLISON, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner Linda Lizett Castellano's ("Petitioner") Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, (ECF No. 1 ("Petition")), and the record in this case, including the August 26, 2024, Report and Recommendation of the United States Magistrate Judge, (ECF No. 17 ("Report" or "R. & R.")).  The Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Petition raises two grounds for relief.  First, Petitioner contends that the California state trial court erred in failing to *sua sponte* instruct the jury on a lesser included offense.  (Pet. at 5).  Second, Petitioner seeks relief on the ground that her conviction was supported by insufficient circumstantial evidence.  (*Id.* at 5–6).  The

Report recommends denial of the Petition and dismissal of this action with prejudice on the grounds that Petitioner is not entitled to federal habeas relief for either claim. (R. & R. at 9, 14). For the following reasons, Petitioner's objections to the Report, (ECF No. 20 ("Objections")), do not warrant a change to the Magistrate Judge's findings or recommendations.

Petitioner objects only to the Report's findings and recommendations regarding second ground for relief. (Objs. at 1). Petitioner, who was convicted of assault with a semiautomatic firearm, argues that the evidence presented at trial was insufficient to support an inference that the gun was loaded. (*Id.* at 3). Petitioner is "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). *See also Coleman v. Johnson*, 566 U.S. 650, 656 (2012) (holding that habeas petitioner entitled to relief only where jury's factual "finding was so insupportable as to fall below the threshold of bare rationality").

The Report concluded that the California Court of Appeal did not rule unreasonably or contrary to clearly established federal law when it concluded that the evidence in this case was sufficient to permit a reasonable jury to infer that Petitioner's gun was loaded. (R. & R. at 14). California law permits juries to infer that a "gun was loaded . . . from circumstantial evidence" so long as that inference is "reasonable." *People v. Penunuri*, 5 Cal. 5th 126, 147 (2018). Here, based on its review of the evidence presented at trial, the California Court of Appeal concluded that "substantial evidence" supported the jury's conclusion that Petitioner's gun was loaded. (ECF No. 10-10 at 14–15). After reviewing the California Court of Appeal's analysis, much of which is reproduced in the Report, *see* (R. & R. at 12–13), the Report concluded that this determination was reasonable, (*id.* at 13).

Petitioner objects that, based on the evidence presented at trial, the jury could not have reasonably inferred that her gun was loaded and that the California Court of

Appeal's rejection of her appeal was likewise unreasonable. (Objs. at 4–5). The Court disagrees. As an initial matter, determinations made by "[t]he state court of last review" are "entitled to considerable deference under AEDPA, 28 U.S.C. § 2254(d)." *Coleman*, 566 U.S. at 656. Additionally, on habeas review, courts "view[] the evidence in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319.

Under this deferential standard of review, the Court agrees with the Report and the California Court of Appeals' determinations that the evidence presented at trial was sufficient to permit the jury to reasonably infer that Petitioner's gun was loaded. In this case, the prosecution presented evidence that Petitioner, a soldier of the Tepa 13 gang, drove into the territory of Lennox 13, a rival gang, rolled down her window, and pointed a gun at the victim while declaring Petitioner's gang affiliation and cursing Lennox 13. (R. & R. at 12). At trial, the prosecution's gang expert testified that, when gang members enter rival territory, they typically do so "to put in work to commit crimes," including murder. (*Id.* at 13; ECF No. 10-10 at 5–7). The gang expert also testified that a threat of the kind Petitioner made, which occurred in the open and during the daytime, signaled disrespect to the rival gang. (R. & R. at 13). Furthermore, the expert testified that Tepa 13 and Lennox 13 were feuding archrivals whose members "shoot at each other all the time." (*Id.*)

The Report correctly concluded that this evidence permits a reasonable inference that Petitioner's gun was loaded "that is supported by a chain of logic," not "mere speculation dressed up in the guise of evidence." *Juan H. v. Allen*, 408 F.3d 1262, 1277 (9th Cir. 2005). As the Court of Appeals reasoned, the jury could reasonably have concluded Petitioner would not have entered rival territory and confronted the victim in a manner that disrespected the rival gang without a loaded gun, because she would have "needed to be prepared to respond to a possible violent response." (ECF No. 10-10 at 15).

Petitioner has failed to show that the jury's verdict was "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 566 U.S. at 656. The Court thus approves and accepts the Report.

**CONCLUSION**

Petitioner's objections are overruled. It is ordered that the Report and Recommendation of the Magistrate Judge is accepted and adopted, the Petition is denied, and this action is dismissed with prejudice.

It is further ordered that the Clerk serve copies of this Order, the Report, and the Judgment herein on counsel for Petitioner and Respondent.

Let judgment be entered accordingly.

DATED:  December 19, 2024

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE